Filed 11/15/22  P. v. Thomas CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT
## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FREDERICK JERMONE THOMAS,<br><br>    Defendant and Appellant. | B315483<br><br>Los Angeles County<br>Super. Ct. No. A081621 |

APPEAL from an order of the Superior Court of Los Angeles County, Leslie E. Brown, Judge. Reversed and remanded with instructions.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant and appellant Frederick Jermone Thomas of the 1980 murder of Sarai K. Ribicoff. In 2019, Thomas filed a petition for recall and resentencing under former Penal Code section 1170.95.[1] The trial court denied the petition, concluding the record demonstrated as a matter law Thomas was the actual killer. On appeal, Thomas argues the court erred by concluding he was the actual killer without first issuing an order to show cause and holding an evidentiary hearing. We agree and reverse the order denying Thomas's petition. On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing on whether Thomas is entitled to relief under section 1172.6.

## PROCEDURAL BACKGROUND[2]

The Los Angeles County District Attorney filed an information charging Thomas with murder. (§ 187, subd. (a).) The information further alleged Thomas committed the murder during an attempted robbery and robbery (§ 190.2, subd. (a)(17)) and personally used a firearm (§ 12022.5, subd. (a)). A jury found Thomas guilty of murder and found true the robbery special

---

1      All undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity, we refer to the statute interchangeably as section 1172.6 and former section 1170.95 depending on the context.

2      We omit recitation of the facts underlying Thomas's murder conviction because they are not directly relevant to the issues presented in this appeal.

circumstance and personal gun use allegations. The trial court sentenced him to life without the possibility of parole.

In 2019, Thomas filed a petition for resentencing under former section 1170.95. The trial court appointed counsel on his behalf. The prosecution filed a response to the petition, arguing Thomas was ineligible for relief because he was the actual killer. The prosecution attached exhibits to its response, which included a printout of Thomas's criminal history, a preliminary hearing transcript in co-defendant Tony McAdoo's case that contained eyewitness testimony of the murder, and police reports concerning the murder. Thomas filed a motion for an order to show cause and an addendum asserting he was not the actual killer. The prosecution submitted records from the Department of Corrections and Rehabilitation and a copy of the transcript of Thomas's sentencing hearing to the court.[3] It appears the parties were unable to obtain much of the record from Thomas's trial.

At the section 1172.6, subdivision (c) hearing, the court heard argument from counsel and considered the limited record. The court denied the petition, concluding Thomas had failed to make a prima facie showing of eligibility for relief. The court explained:

> The only issue, really, was getting the records, because [Thomas]'s specific records were not available. The co-defendant's, McAdoo's records were available. McAdoo's records, for example, he had a preliminary hearing where the victim came in and they discussed how he identified [Thomas] as the shooter in a line-up. So surrounding

---

3       We granted Thomas's motion to augment the record to include these items.

information all pointed out [Thomas] was the actual killer. The only question was finding the specific records that would demonstrate that. So part of that was trying to get . . . Attorney General records, as well as in this case C.D.C.R. records. And the C.D.C.R. records not just included the record of him in custody, in prison, but also the record of conviction. And what the record of conviction shows is that . . . he was convicted of murder. He was convicted . . . of using the firearm during the course of the murder. He was convicted of also [assault with a deadly weapon] using that very same firearm. And was also convicted of the robbery.

[¶] . . . [¶]

So at this point, at a prima facie stage, it is incumbent on [Thomas] to show that he qualifies under [1172.6]. And the key requirement is that he cannot have been the actual killer. What the record reveals is, convicted of murder, convicted of murder using a firearm, convicted of assault with a deadly weapon using the firearm. That is consistent with what he was convicted of, the actual charges, the special circumstance and convicted with his sentencing.

[Thomas] has not met that initial stage. And while we say it is a light stage, in other words, he checks all the boxes. The court and all the case law basically comes down to, at this point, [Thomas] is entitled to an attorney, which he has and has had for a while.

The court can look at the entire record. And what the entire record reveals is that what he was convicted of would make him ineligible for [1172.6 relief]. So he cannot meet that

4

burden and is not entitled to an order to show cause hearing.

The only reliance which he had up until this point was literally that we could not get the records. Except now we have the records. And the records reveal, what everything else reveals, as well, that he was the actual killer in this case. And as such, he is not qualified for relief under this Penal Code section.

Thomas timely appealed.

## DISCUSSION

### I. Governing Law

The Legislature enacted Senate Bill 1437 (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

SB 1437 also added section 1170.95 to the Penal Code which, as mentioned above, was later renumbered to section 1172.6. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1172.6,

subd. (a).) A petition for relief under section 1172.6 must include a declaration by the petitioner that he or she is eligible for relief based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1172.6, subd. (b)(1).)

Subdivision (c) of section 1172.6 provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' ([§ 1172.6], subd. (d)(1).)" (*Lewis, supra,* 11 Cal.5th at p. 960.) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof

shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

## II. Analysis

Thomas contends his case must be remanded for an evidentiary hearing. Specifically, he argues the trial court improperly weighed facts in concluding he was the actual killer and thus ineligible for relief as a matter of law. The Attorney General disagrees, arguing the jury's true finding on Thomas's gun allegation, along with the factual summary found in Thomas's prior appellate opinion, demonstrate as a matter of law he was the actual killer. We agree with Thomas. As Thomas points out in his reply brief, "the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing. (§ [1172.6], subd. (d)(3) ['The court may also consider *the procedural history* of the case recited in any prior appellate opinion.' (italics added)].)" (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.) "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*Ibid.,* fn. omitted.) Setting aside the factual summary in the appellate opinion, we conclude the jury's true finding on Thomas's gun allegation, standing alone, is insufficient to demonstrate as a matter of law he is ineligible for relief. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [jury's finding that defendant personally used a firearm to commit the crime does not establish ineligibility

7

for 1172.6 relief as a matter of law because it does not prove the defendant acted with malice aforethought].)

As the Attorney General notes, a victim who witnessed the murder (John Shoven) offered testimony at the preliminary hearing of Thomas's accomplice (Tony McAdoo) that Thomas was the actual killer. The prosecution included Shoven's testimony from McAdoo's preliminary hearing in its response to Thomas's section 1172.6 petition. Although Shoven's testimony does support the conclusion that Thomas is ineligible for relief as the actual killer, we are hesitant to conclude it demonstrates Thomas is ineligible for relief as a matter of law. Thomas, who was not a party to McAdoo's preliminary hearing and indeed was not present at the hearing, did not have the opportunity to cross-examine Shoven. Similarly, although the original sentencing judge's comments perhaps also support the inference that Thomas was the actual killer, they are insufficient to demonstrate ineligibility for relief as a matter of law. We therefore remand the matter to the trial court for an evidentiary hearing. At that hearing, the court may consider all admissible evidence in determining whether the prosecution meets its burden of proving beyond a reasonable doubt Thomas is guilty of murder under current law. (See § 1172.6, subd. (d)(3).)

Additionally, although the parties have not briefed this issue, we note we are concerned Shoven's testimony from McAdoo's preliminary hearing may be inadmissible at Thomas's section 1172.6 proceedings. "Through Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, the Legislature clarified the scope of admissible evidence at the evidentiary hearing. (Stats. 2021, ch. 551, § 2.) The statute now specifies the Evidence Code governs the admissibility of evidence." (*People v.*

*Mitchell* (2022) 81 Cal.App.5th 575, 586; see § 1172.6, subd. (d)(3).) On remand, the trial court is directed to consider whether Shoven's testimony from McAdoo's preliminary hearing is inadmissible at his section 1172.6, subdivision (d) hearing in light of Evidence Code section 1291, subdivision (a).[4]

---

4     Evidence Code section 1291, subdivision (a) provides:

"(a) Evidence of former testimony is not made inadmissible by the hearsay rule if the declarant is unavailable as a witness and:
>   (1) The former testimony is offered against a person who offered it in evidence in his own behalf on the former occasion or against the successor in interest of such person; or
>   (2) The party against whom the former testimony is offered was a party to the action or proceeding in which the testimony was given and had the right and opportunity to cross-examine the declarant with an interest and motive similar to that which he has at the hearing."

## DISPOSITION

The order denying Thomas's section 1172.6 petition is reversed. On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing to determine whether Thomas is entitled to section 1172.6 relief.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.

10